IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JORDAN TYREL BALLARD, #2232167 | § § | |
| VS. | § § | CIVIL ACTION NO. 4:21cv612 |
| DIRECTOR, TDCJ-CID | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

*Pro se* Petitioner Jordan Tyrel Ballard, an inmate confined in the Texas prison system, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge Kimberly C. Priest Johnson for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I. PROCEDURAL BACKGROUND**

Petitioner is challenging his Grayson County, Texas convictions, Cause No. 068586. On October 22, 2018, a jury found Petitioner guilty of murder and aggravated assault with a deadly weapon, and the trial court assessed punishment, enhanced by a prior conviction, at sixty years' confinement, to run concurrently with his federal sentence in Criminal Action No. 4:15cr77.[1] (Dkt. #19-1, pp. 181-84). The Fifth District Court of Appeals of Texas affirmed Petitioner's conviction on July 24, 2019. *Ballard v. State*, No. 05-18-01289-CR, 2019 WL 3315446 (Tex. App. July 24, 2019). On November 20, 2019, the Texas Court of Criminal Appeals ("TCCA") refused

---

[1] Petitioner's federal conviction and sentence arose from the same incident. In his federal case, Ballard pled guilty to unlawful possession of ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). *See USA v. Ballard*, No. 4:15-cr-00077-ALM-CAN-1 (E.D. Tex. 2018).

Petitioner's petition for discretionary review ("PDR"). *See id.*; *Ballard v. State*, PD-0880-19. Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court. (Dkt. #7, p. 3).

On April 25, 2019, while Petitioner's direct appeal was pending, he filed a construed motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging his Eastern District of Texas, Sherman Division conviction. *See* Civil Action No. 4:19cv310. He filed an amended § 2255 motion on May 21, 2019. (Civil Action No. 4:19cv310 at Dkt. #5). On August 3, 2021, the court severed Claim 4 of Petitioner's amended § 2255 motion, which challenged his state court convictions, and construed it as a federal petition for writ of habeas corpus under 28 U.S.C. § 2254.[2] (Civil Action No. 4:19cv310 at Dkt. #21). That same day, the Clerk of Court refiled the amended § 2255 motion and opened this § 2254 proceeding. (Dkt. ##1, 2).

On August 5, 2021, the Court provided a *Castro*[3] warning to Petitioner and ordered him to complete a standard § 2254 form fully and legibly and submit it to the Court should he wish to proceed with a § 2254 petition. (Dkt. #4). On August 30, 2021,[4] Petitioner filed an amended petition, which included the claim that was severed from the § 2255 motion (Claim 1) and added Claims 2, 3, and 4. (Dkt. #7). At the time Petitioner filed his federal petition, he had not filed an application for a state writ of habeas corpus. (Dkt. #18-1) (affidavit from the Clerk of the TCCA dated July 29, 2022, stating: "I have searched the records and have found no 11.07 post-conviction

---

[2] Claim 4 of Petitioner's § 2255 motion is Claim 1 of the instant § 2254 amended petition.

[3] *Castro v. United States*, 540 U.S. 375 (2003).

[4] A *pro se* prisoner's habeas corpus petition is deemed filed, for the purposes of the Antiterrorism and Effective Death Penalty Act of 1996, when the prisoner delivers the papers to prison authorities for mailing. *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Petitioner declared under penalty of perjury that he deposited the petition in the prison mailing system on September 10, 2021 (Dkt. #7, p. 15); however, the Clerk of Court docketed and filed the petition on August 30, 2021. The Court deems the amended petition filed on August 30, 2021.

writ of habeas corpus, under trial court cause number **068586**, in the name of **Jordan Tyrel Ballard**.").

In the amended federal petition, Petitioner asserts the following claims for relief:

(1) The federal judge's comments at his federal proceeding deprived Petitioner of his right to a fair trial in his state court proceeding.[5]

(2) The State withheld the grand jury testimony of a law enforcement officer, which Petitioner requested before his trial.

(3) The State engaged in prosecutorial misconduct by withholding exculpatory evidence.

(4) The State withheld exculpatory evidence in violation of *Brady* and the Michael Morton Act.

(Dkt. #7, pp. 5-9).

On September 28, 2022, the Director filed a response (Dkt. #18), asserting that all Petitioner's claims are unexhausted and that Claims 2, 3, and 4 should be dismissed with prejudice as time-barred. Petitioner filed a reply (Dkt. #23), indicating he had since "presented his unexhausted claims" in an application for state habeas corpus relief. On May 10, 2024, the Court ordered the Director to file the state court records related to Petitioner's post-conviction writ history in state court and a supplemental response addressing the issue of exhaustion. (Dkt. #25).

On June 19, 2024, the Director filed a supplemental response and the supplemental state court records. (Dkt. ##28, 29). The supplemental state court records reflect that Petitioner filed an application for state habeas corpus relief, at the earliest,[6] on March 23, 2023. (Dkt. #29-1, pp. 20-35). On June 14, 2023, the TCCA dismissed the application without a written order for non-

---

[5] This was claim 4 of Petitioner's § 2255 motion.

[6] The prison mailbox rule applies to state habeas applications. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner signed the state habeas application on March 23, 2023, and it was docketed by the trial court on March 28, 2023 (Dkt. #29-1, p. 20).

3

compliance with Texas Rules of Appellate Procedure 73.1, noting the grounds for relief and the facts were not set out on the prescribed form. (Dkt. #29-2). In the Director's supplemental response (Dkt. #28), he continues to assert that all Petitioner's claims are unexhausted and that Claims 2, 3, and 4 are time-barred. (Dkt. #28). The Director requests the Court dismiss Petitioner's Claim 1 as unexhausted and his remaining unexhausted claims—Claims 2, 3, and 4—as time-barred. (Dkt. #28, p. 8). He requests the dismissal of the petition be with prejudice. (Dkt. #28, p. 8).

## II. ANALYSIS

A fundamental prerequisite to federal habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995). Section 2254(b)(1) provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254. This requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (citing *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 490-91 (1973)).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." *Castille v. Peoples*, 489 U.S. 346, 349 (1989). The

exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Once a federal claim has been fairly presented to the TCCA, either through direct appeal or collateral attack, the exhaustion requirement is satisfied. *See generally Castille*, 489 U.S. at 351. In order to avoid piecemeal litigation, all grounds raised in a federal application for writ of habeas corpus must first be presented to the state's highest criminal court prior to being presented in federal court. *Rose*, 455 U.S. at 522. If even one claim is unexhausted, the entire petition must be dismissed for failure to exhaust state remedies. *Id.*

In the present case, Petitioner has not presented his claims to the TCCA, because his state application was dismissed as non-compliant. Accordingly, there has been no fair presentation of his claims to the state court, and thus, the state court has not had the initial opportunity to pass upon and correct any alleged errors of federal law. And while the exhaustion requirement can be excused when exceptional circumstances exist, *see Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993), Petitioner makes no allegations that any exceptional circumstances are present in this case. Therefore, the Court finds that Petitioner has failed to exhaust his state court remedies and has failed to allege any circumstances which would allow the Court to excuse the exhaustion requirement.

### III. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may

*sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the dismissal of the Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## IV.  RECOMMENDATION

It is accordingly recommended that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed without prejudice for failure to exhaust state remedies. It is further recommended that a certificate of appealability be denied.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 1st day of July, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE